THE PEOPLE, *ex relatione* Swain, *vs.* NEW YORK C. P.

It is a good objection to special bail, in an action prosecuted in a court of common pleas, that they do not reside in the county where the action is brought.

July, 1838.

A SUIT was commenced by Swain against West, in the New York common pleas, by *capias ad respondendum*, on which the defendant, being a non-resident of the state of New York, was arrested and held to bail. Special bail was put in and notice of justification before a judge at chambers, given to the plaintiff's attorney. At the time and place appointed, the bail justified in the requisite amount, but were objected to on the part of the plaintiff upon the sole ground that they were *not residents in the city and county of New York*, but were residents of the city of Brooklyn, in Kings county. The judge sustained the objection and refused the bail, but granted an order staying proceedings, so that the

opinion of the supreme court might be obtained on the ques-  <span>ALBANY,<br>August, 1838.</span>
tion as to the validity of the objection.

Tanner
v.
Tibbits

*By the Court,* Cowen, J.   All the above is *matter of*
*practice* in the common pleas, in which they have a *discre-*
*tion* with which we cannot interfere.   Were this an appli-
cation for a *mandamus,* it would be denied.   We think,
however, the better practice was adopted by the judge in this
instance.